IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cr-30114-SMY |
| | ) |
| STACEY M. BARKLEY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Stacey M. Barkley was sentenced on September 15, 2021 to 87 months imprisonment for conspiracy to distribute controlled substances (Docs. 132, 134). Barkley recently filed a *pro se* motion seeking a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (Doc. 285). Pursuant to SDIL Administrative Order 362, Attorney Justin A. Kuehn entered his appearance *pro bono* on Barkley's behalf to determine her eligibility for a sentence reduction (Doc. 296). Attorney Kuehn has now moved to withdraw, asserting that Barkley is ineligible for a sentence reduction under Amendment 821 (Doc. 299). Barkley has not filed a response to the motion.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a

defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Barkley's total offense level at sentencing was 35 and her criminal history category was III, resulting in a Guidelines sentencing range of 210 to 262 months. The Court varied down and sentenced Barkley to 87 months. Under Amendment 821, Barkley's criminal history category and Guidelines sentencing range remain unchanged. Thus, she is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 299) is **GRANTED** and motion to reduce pursuant to Amendment 821 (Doc. 285) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 20, 2024**

                                                     **STACI M. YANDLE**
                                                   **United States District Judge**